[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 2, 2007
THOMAS K. KAHN
CLERK

_____

No. 07-11755
Non-Argument Calendar

_____

D. C. Docket No. 04-00233-CR-T-24-EAJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERTO SALAS-ARGUETA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(October 2, 2007)

Before BIRCH, DUBINA and PRYOR, Circuit Judges.

PER CURIAM:

Appellant Roberto Salas-Argueta ("Salas-Argueta") appeals his ten-month

sentence imposed pursuant to 18 U.S.C. § 3583(e) for violating the terms of his supervised release. Salas-Argueta argues that his sentence was (1) procedurally unreasonable because the district court impermissibly relied on its finding that he had received a "break" in his sentence on the underlying charge, and (2) otherwise substantively unreasonable.

We review a sentence imposed upon revocation of supervised release for reasonableness in light of the factors set forth in 18 U.S.C. § 3553(a). *United States v. Sweeting*, 437 F.3d 1105, 1107 (11th Cir. 2006). We review only the final sentence, rather than individual decisions made during the sentencing process. *United States v. Winingear*, 422 F.3d 1241, 1245 (11th Cir. 2005). "Review for reasonableness is deferential." *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005). However, a sentence may be procedurally unreasonable, regardless of length, if the district court considered an impermissible factor in determining the sentence. *United States v. Williams*, 456 F.3d 1353, 1361 (11th Cir. 2006). "Whether a factor is impermissible is a question of law that we will review *de novo*." *Id.* The party challenging the sentence bears the burden of proving that the sentence is unreasonable or that the district court considered an impermissible factor. *Id.*

Where a defendant does not clearly state the grounds for an objection before

the district court, review on appeal is limited to a plain error standard. *United States v. Zinn*, 321 F.3d 1084, 1087 (11th Cir. 2003). Under plain error review, we only may reverse if (1) there was error, (2) that was plain, (3) affected the party's substantial rights, and (4) "seriously affected the fairness of the judicial proceedings." *United States v. Jernigan*, 341 F.3d 1273, 1289 (11th Cir. 2003) (quoting *United States v. Gresham*, 325 F.3d 1262, 1265 (11th Cir. 2003)). An error is plain "if it is obvious or clear under current law." *United States v. Candelario*, 240 F.3d 1300, 1309 (11th Cir. 2001) (quoting *United States v. Olano*, 507 U.S. 725, 734, 113 S. Ct. 1770, 1777 (1993).

Under 18 U.S.C. § 3583(e), the district court may revoke a term of supervised release and impose a prison sentence for all or part of the remaining supervised release period. *See* 18 U.S.C. § 3583(e)(3). An advisory guidelines range for a term of imprisonment to be imposed on revocation of supervised release is found at U.S.S.G. § 7B1.4.

As noted above, a sentence may be procedurally unreasonable, regardless of length, if the district court considered an impermissible factor in determining the sentence. *Williams*, 456 F.3d at 1361. Salas-Argueta has not provided, and research has not revealed, any case law discussing whether a district court's prior leniency, or application of a role reduction, are permissible factors to be considered

after revoking supervised release and in imposing a new sentence.[1]  However, in the sentencing context, due process protects a defendant's right not to be sentenced based on an invalid premise or inaccurate information.  *United States v. Satterfield*, 743 F.2d 827, 840 (11th Cir. 1984).  "The degree of protection required is only that which is necessary to ensure that the district court is sufficiently informed to enable it to exercise its sentencing discretion in an enlightened manner."  *Id.* Where a legal decision is made at the trial level, and is not challenged on appeal, the law of the case doctrine binds a trial or appellate court to follow that decision. *United States v. Escobar-Urrego*, 110 F.3d 1556, 1560 (11th Cir. 1997).

Recently the Supreme Court held that, in reviewing sentences for substantive reasonableness under 18 U.S.C. § 3553(a), a federal appellate court *may* apply a presumption of reasonableness to a district court sentence imposed within the guideline range.  *Rita v. United States*, 551 U.S. ___, 127 S. Ct. 2456, 2463 (2007). Although we have declined to adopt such a presumption, we have recognized that the rationale in *Rita* "calls into question our reasons for not affording a presumption of reasonableness."  *See United States v. Campbell*, 491 F.3d 1306,

---

[1] Although Application Note 4 to U.S.S.G. § 7B1.4 advises that an upward departure may be warranted in a sentence for revocation of supervised release where the original sentence was below the guidelines range because of either a downward departure or a charge reduction, it does not address the situation where, as here, both the underlying sentence and the sentence on revocation of supervised release are within their respective guidelines ranges.

1314 n. 8 (11th Cir. 2007).  In any event, a within-range sentence, even if not reasonable *per se*, may ordinarily be expected to be reasonable. *Talley*, 431 F.3d at 786-88.

A sentencing court is charged with imposing a sentence that is "sufficient, but not greater than necessary" to reflect the seriousness of the offense, afford deterrence, protect the public from further crimes of the defendant, and provide the defendant with educational or vocational training, medical care or other treatment. 18 U.S.C. § 3553(a)(2).  Furthermore, under § 3553(a), a court should consider, *inter alia*, (1) the nature and circumstances of the offense and the history and characteristics of the defendant, (2) the need for the sentence imposed to reflect the seriousness of the offense, deter criminal conduct, and protect the public from further crimes of the defendant, (3) the kinds of sentences available, and (4) the sentencing guidelines.  18 U.S.C § 3553(a).

The district court does not need to explicitly consider every factor from § 3553(a) on the record; some indication in the record that the court adequately and properly considered appropriate factors in conjunction with the sentence will be sufficient.  *United States v. Scott*, 426 F.3d 1324, 1329 (11th Cir. 2005).  "The sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own

legal decision making authority." *Rita*, 551 U.S. at ___, 127 S. Ct. at 2468.

In light of the lack of published case law regarding whether it is permissible for a sentencing court to consider a prior role reduction or a prior low-end sentence in determining an appropriate sentence for revocation of supervised release, we conclude that the district court did not plainly err in taking these factors into consideration in fashioning Salas-Argueta's sentence. Therefore, we hold that Salas-Argueta's sentence was procedurally reasonable. Salas-Argueta had repeatedly illegally re-entered the United States and the district court needed to impose a sentence that would provide adequate deterrence. Furthermore, because the sentence was within the guidelines range, we hold that it was also substantively reasonable.

For the above-stated reasons we affirm Salas-Argueta's sentence.

**AFFIRMED.**